UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS MASTERWOOD, | ) | CASE NO.: 1:21CV2420 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Travis Masterwood to the Report and Recommendation ("R&R") of the Magistrate Judge. On August 1, 2022, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the decision of the Commissioner. Doc. 9. On August 14, 2022, Kolar objected to the R&R. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Masterwood first contends that the R&R erred when it concluded that he was afforded a full and fair hearing. In support, Masterwood argues:

> When Plaintiff attempted to ask questions of the vocational witness, the ALJ indicated that his questions were similar in nature (Tr. 77). Plaintiff then remarked that "So, I guess that's all the questions I can ask though." (Tr. 78). This remark exemplifies the fact that contrary to the finding of the R&R, the ALJ did not accord Plaintiff a full and fair hearing.

Doc. 10 at 1-2. Initially, the Court notes that this portion of the hearing was not argued as error in Masterwood's opening brief or reply brief. As such, this argument is not properly before the Court. Assuming *arguendo* that Masterwood had preserved this issue, he has wholly failed to explain how the ALJ not permitting duplicative or redundant questions constituted any error, let alone error that would warrant remand.

In this first objection, Masterwood contends that "The R&R focused on the fact that Plaintiff stated on the record that he had seen the documents and that he thought a few records were missing." Doc. 10 at 1. The R&R did in fact focus upon this issue because it was the *sole* issue that Masterwood argued in support of this assignment of error. The R&R accurately reflected that the ALJ ensured that Masterwood understood his right to counsel, waived that right, and had been provided a full opportunity to ensure that his medical records were complete. As such, there is no merit in Masterwood's first objection.

In his second and final objection, Masterwood appears to assert that the R&R erred in its resolution to his challenge to the manner in which the ALJ weighed the opinions of certain physicians. In support, Masterwood asserts:

> It is interesting to note that the R&R found that the ALJ found that the opinions of Drs. Boyd and Wasserbauer were inconsistent with, and not supported by, other evidence in the record including the FCE (R&R at 34 citing Tr. 38). Earlier in the same paragraph, however, the R&R found that the ALJ discounted the FCE as it predated Plaintiff's application. It appears that the FCE was and was not relevant to this matter. Based on the fact that neither the R&R nor the ALJ were clear

>regarding whether the FCE was considered in this matter was error necessitating a remand.

Doc. 10 at 2. Masterwood does not dispute in his objections that the opinions of Dr. Boyd and Dr. Wasserbauer were in fact inconsistent with other evidence in the record and therefore properly discounted. Instead, he appears to focus on what he believes is a discrepancy in the manner in which a Functional Capacity Evaluation ("FCE") was utilized. Contrary to Masterwood's contention, there is nothing unclear from the record regarding how the FCE was utilized. The ALJ indicated that it predated the application by nearly a year and that Masterwood had conceded that his symptoms had improved. Thus, the FCE was not utilized to determine Masterwood's limitations. The fact that the FCE was not used for that specific purpose did not preclude the ALJ from noting that the opinions of the physicians conflicted with the findings in the FCE. Moreover, in discounting the opinions of these physicians, the ALJ noted that they not only conflicted with the FCE, but also conflicted with lab work, imaging, examination findings, and longitudinal treatment records. As such, Masterwood has failed to demonstrate any error in the manner in which the FCE was referenced by the ALJ. Accordingly, his second objection lacks merit.

For the reasons stated above, Masterwood's objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.

IT IS SO ORDERED.


Dated: October 6, 2022	/s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE